*190
 
 Williams, J.
 

 The source of council’s power to legislate respecting positions and ranks in the fire department of a city is found in Section 4377, General Code, which reads thus:
 

 “The fire department of each city shall be composed of a chief of the fire department and such other officers, firemen and employees as are provided by ordinance of council. The director of public safety shall have the exclusive management and control of such other surgeons, secretaries, clerks, and employees as are provided for by ordinance or resolution of council.”
 

 The relator does not deny the power of the council to create and abolish positions and ranks by valid legislation, but makes two separate contentions regarding the operation, effect and validity of the municipal legislation in question.
 

 The first contention of relator is that the position of firewarden was not in reality abolished by passage of ordinance 919-A-42. It is true there were ordinances then in force, which pertained to the position of firewarden and referred to it by name. These have not been repealed by express reference thereto; but here we have in question an ordinance which affirmatively provides for and enumerates the ranks that shall thereafter exist in the fire department and omits among others the rank of firewarden. That provision, of itself, would amount to an abolishment of the omitted rank; but in addition the requirement that “persons holding positions in ranks which are abolished * * * shall be classified in positions within the ranks * * * comparable to those so abolished and the duties of which are most nearly appropriate thereto” would have no meaning if omitted ranks were not abolished.
 

 The facts that prior ordinances not expressly repealed define the duties of firewardens, and that rules
 
 *191
 
 of the fire department which have not been changed ■recognize the rank of firewarden cannot prevail to preserve the rank in the face of an amended ordinance which provides specifically what ranks shall exist, omits the rank of firewarden and ordains that persons holding positions in ranks abolished shall be classified in a specified way. Such previously existing ordinances and rules must give way to an exercise of the power to determine by ordinance the number and character of the ranks in the fire department.
 

 Ordinance 919-A-42 did abolish the rank of fire-warden, and, since a position cannot exist in an abolished rank, the position of firewarden was in reality , abolished.
 

 The second contention of the relator is quite sweeping. He maintains that the ordinance provisions are invalid in that, in their operation and effect, they are unreasonable, work unwarranted discrimination and deny the equal protection of the laws.
 

 It is important to inquire as to the bearing of the ordinance and the reclassification of the relator and other firewardens as captains upon their civil service status. One holding a state civil service position is always subject to changes that may be effected by valid state legislation. Similarly one holding such a position in a city is subject to modification of his existing status by valid municipal legislation passed pursuant to Section 4377,
 
 supra.
 

 There are many statutory provisions that have been .cited to us for their bearing upon the rights of a fire-warden situated as was the relator. These 'provisions are applicable but must be considered in relation to the ordinance. A summary of the vital parts will suffice here. Under and by virtue of Section 486-17, General Code, a member of a fire department cannot be reduced in rank except as provided in Sections 486-17u
 
 *192
 
 and 486-17&, General Code. Section 486-17« provides that the tenure of office shall be during good behavior, specifies the grounds of removal and regulates trial and appeal.
 

 Section
 
 486-17b
 
 provides in part as follows:
 

 “When a position above the rank of patrolman in the police department and above the rank of regular fireman in the fire department is abolished and the incumbent has been permanently appointed in accordance with the provisions of this act, he shall be demoted to the next lower rank and the youngest officer in point of service in the next lower rank shall be demoted, and so on down until the youngest person in point of service has been reached, who shall be laid off.”
 

 On reclassification pursuant to ordinance 919-A-42, the demotion of the firewardens to the next lower rank, that of captain, became a necessity. Nothing else could be done. The council in the first instance had power, by virtue of Section 4377,
 
 supra,
 
 to pass an ordinance creating the rank of firewarden and by the same token had power to amend the ordinance and abolish the rank. There is nothing in the civil service laws to deny this power. When a position “above the rank of regular fireman, ’ ’ such as firewarden, is abolished, Section 486-17& requires demotion to the next lower rank. The ordinance in abolishing the rank of fire-warden necessarily abolished every position in the rank. The next lower rank being that of captain, all demoted firewardens were made captains. No demotion of captains was necessary to make places for demoted firewardens because of the increase of the number of captains by the ordinance provisions. Section 486-17& applied and was followed, and it cannot be said that the civil service status of the relator and those similarly situated was unduly or improperly interfered with.
 

 
 *193
 
 The relator makes complaint that, in the reclassification, certain members of the fire department were promoted without the promotional examination required by Section 486-15u, General Code. A promotion under such circumstances, even though contrary to statute, affords no basis for restoring the rank of firewarden'and compelling the restoration of the demoted firewardens to that rank. There is a remedy for unlawful promotion but it cannot be found in granting the relief for which relator prays.
 

 The operation and effect of this ordinance were not such as to deprive the relator and others holding a like position of any legal right. The firewardens were demoted to their own benefit in that they received greater salary than before and are assured an opportunity for promotion to a higher rank, with increased emoluments. They cannot complain of heavier burdens for the duties they perform are exactly the same as before demotion. The loss of the title and insignia of firewarden necessarily followed the abolition of the rank, but was atoned for by the advantages received. In all respects the ordinance and classifications are reasonable; there is no discrimination as to those similarly situated and no denial of the equal protection of the laws.
 

 For the reasons given, the writ of mandamus is denied.
 

 Writ denied.
 

 Weygandt, C. J., Zimmerman, Bell, Turner, Matthias and Hart, JJ., concur.